UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re TRIDENT MICROSYSTEMS, INC. DERIVATIVE LITIGATION, <br><br>This Document Relates To:<br><br>   ALL ACTIONS | Case No.: C 06-3440 JF (PVT)<br><br>**INTERIM ORDER RE LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

On April 7, 2009, Lead Plaintiffs filed an Administrate Motion to File under Seal Lead Plaintiffs' Reply in Support of Motion to Compel Production of Documents Necessary for this Court to Consider the SLC's Motion to Terminate, and Supplemental Declaration of Christopher M. Wood in Support Thereof.  On April 10, 2009, Nominal Defendant Trident Microsystems, Inc. ("Trident") filed a brief in support of Lead Plaintiffs' motion to seal.  Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this interim order.  Based on the papers submitted,

IT IS HEREBY ORDERED that, no later than April 27, 2009, Trident shall submit a supplemental declaration establishing that protection under Rule 26(c) of the Federal Rules of Civil Procedure is actually warranted for the information it seeks to have sealed.  Trident's current showing with regard to whether the documents warrant such protection is a terse statement that they are "business records of Trident which contain proprietary and confidential business information and are not publicly available."  This is not a sufficient showing under Rule 26(c).  "Broad allegations of

harm, however, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992).  Here, Trident has made no allegation of potential harm at all, much less one substantiated by either specific examples or articulated reasoning.[1]

Dated: *4/17/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] Evidence of efforts to keep a document confidential are irrelevant absent a threshold showing of potential harm from disclosure.

ORDER, *page 2*