UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re TRIDENT MICROSYSTEMS, INC. DERIVATIVE LITIGATION,<br><br>This Document Relates To:<br><br>    ALL ACTIONS | Case No.: C 06-3440 JF (PVT)<br><br>**ORDER** re **L**EAD **P**LAINTIFFS' **M**OTION TO **C**OMPEL **P**RODUCTION OF **D**OCUMENTS **N**ECESSARY FOR THIS **C**OURT TO **C**ONSIDER THE **SLC**'S **M**OTION TO **T**ERMINATE |

On March 11, 2009, Lead Plaintiffs filed a Motion to Compel Production of Documents Necessary for This Court to Consider the SLC's Motion to Terminate.[1] Nominal Defendant Trident Microsystems, Inc. ("Trident") opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that Lead Plaintiffs' motion is deemed to be a motion for leave to conduct discovery necessary to defend the Special Litigation Committee's motion to terminate,

/ / /

/ / /

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

rather than a motion to compel.[2]

IT IS FURTHER ORDERED that Lead Plaintiffs' motion to conduct discovery necessary to defend the Special Litigation Committee's motion to terminate is GRANTED. Lead Plaintiffs may conduct discovery regarding the Special Litigation Committee's investigation, including the bases for the Special Litigation Committee's conclusions and all documents the Special Litigation Committee reviewed in reaching those conclusions.

Trident acknowledges that the controlling authority is *Zapata Corp. v. Maldonado*, 430 A.2d 779 (Del. 1981). In that case, the Delaware Supreme Court noted that:

> "The motion [to terminate] should include a thorough written record of the investigation and its *findings* and recommendations. Under appropriate Court supervision, akin to proceedings on summary judgment, each side should have an opportunity to make a record on the motion." *Id.* at 788 (emphasis added).

In light of these standards, by filing a motion to terminate[3] Trident has put at issue the Special Litigation Committee's investigation and the bases for the Special Litigation Committee's conclusions. Under *Zapata*, discovery regarding those limited issues is warranted:

> "First, the Court should inquire into the independence and good faith of the committee and *the bases supporting its conclusions*. Limited discovery may be ordered to facilitate such inquiries." *Ibid.* (emphasis added).

Here, a scope of discovery that includes all documents reviewed by the Special Litigation Committee is warranted. This is not a case where the "report itself discloses in detail the breadth of the Committee's investigation and the reasons for its recommendation." *See In re Take-Two Interactive Software, Inc. Derivative Litigation*, 2008 WL 681456, *3 (S.D.N.Y. 2008), quoting *Kaplan v. Wyatt*, 1984 WL 8274, *2, 3 (Del. Ch. 1984). On the contrary, the Special Litigation

---

[2] Lead Plaintiffs do not appear to be moving to compel either initial disclosures or responses to document requests. In a case management statement filed on January 16, 2009, the parties note that all parties (other than Defendant Lin) "agree it is premature to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) until the Court rules on the applicability of the Private Securities Litigation Reform Act of 1995 ('PSLRA') to this action." No such ruling has yet been issued by the court. And it appears Lead Plaintiffs have not propounded any document requests. Instead, the parties have engaged in a voluntary exchange of documents. Lead Plaintiffs have cited no case or statute which would give this court authority to compel a party to produce documents under these circumstances.

[3] *See* Trident's Motion to (A) Terminate and Dismiss as to All Defendants Except Frank C. Lin; and (B) Approve Settlements (docket no. 109, herein).

Committee's report merely states its conclusions without any details regarding the evidentiary bases for those conclusions.

The Special Litigation Committee's report here is more akin to the one in *Sutherland v. Sutherland*, 2008 WL 571253, *1 (Del. Ch. 2008), which the court noted "summarizes the investigation done and factual conclusions reached by the SLC in a format that entirely omits any record citation, either to documentary evidence or to the witness summaries the SLC's counsel prepared in the course of its investigation." The court in *Sutherland* ordered "production of the same documents [the special litigation committee] and [its] counsel or advisors reviewed during [its] investigation." *See Sutherland v. Sutherland*, 2007 WL 1954444, *3 (Del. Ch. 2007).

Trident's attempt to distinguish the *Sutherland* case is unconvincing. While the *Sutherland* case did involve an element of two warring factions in a family-owned business that is not present here, the more salient facts were concerns over the neutrality of the special litigation committee and the plaintiff's lack of access to corporate information. Further, it is clear that the lack of evidentiary citations in the report had not escaped the court's attention.[4] *See Sutherland,* 2008 WL 571253 at *1. Here, Lead Plaintiff has raised concerns regarding both the neutrality of the Special Litigation Committee and the lack of any citation to evidence in the Special Litigation Committee's report. While not identical to the factors in *Sutherland,* the court nonetheless finds them sufficient to warrant discovery of all documents reviewed by the Special Litigation Committee.

IT IS FURTHER ORDERED that, with regard to documents actually reviewed by the Special Litigation Committee, Trident waived any claim of attorney-client privilege and/or work product protection. *See Joy v. North*, 692 F.2d 880, 893-94 (2d Cir. 1982), cert. denied, 460 U.S. 1051 (1983). In *Joy*, the Second Circuit held that:

---

[4] As it turned out, the lack of citation to evidence in the special litigation committee's report in *Sutherland* served to cover up the omission of material facts:

> "Not only did the SLC neglect to mention the King payments, it worded its report in such a way as to convey the impression that there were no such payments. * * * * Indeed, neither the court nor Martha would have ever known about these payments from the report itself or the limited discovery the SLC voluntarily made to Martha. Rather, it was only after Martha won a hard-fought motion to compel that she gained access to documents evidencing these payments." *See, Sutherland v. Sutherland*, --- A.2d ----, 2008 WL 5704765, *2 (Del. Ch. 2008).

ORDER, *page 3*

> "[I]f the special litigation committee recommends termination and a motion for judgment follows, the committee must disclose to the court and the parties not only its report but all underlying data. To the extent that communications arguably protected by the attorney-client privilege may be involved in that data, a motion for judgment based on the report waives the privilege. The work-product immunity will apply to the documents usually included within its terms to the extent that they are working papers of the committee's counsel and are not communicated to the committee. Once communicated, the immunity may not be claimed, since the papers may be part of the basis for the committee's recommendations." *Ibid.* (citation omitted).

IT IS FURTHER ORDERED that, as to any documents not reviewed by the Special Litigation Committee, the court does not at this time reach the issue of what documents, if any, may be withheld on grounds of privilege or work product, because there has not be adequate briefing as to any specific documents. If Trident claims privilege or work product protection in responding to any specific document requests, it shall provide a privilege log which, among other things, states whether or not the subject document has been disclosed to the Special Litigation Committee, the Securities and Exchange Commission, or any other governmental agency.[5]

Dated: *4/17/09*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[5] Whether disclosure of privileged or work product documents to the SEC constitutes waiver has not yet been decided in the Ninth Circuit. *See U.S. v. Bergonzi*, 403 F.3d 1048, 1050 (9th Cir. 2005) (declining to reach the argument that it should recognize a form of "selective" or "partial" waiver that would allow a corporation to disclose the results of an internal investigation to an investigating government agency without waiving attorney client privilege or work product protection).